J-E01004-21
J-E01005-21

2021 PA Super 189

| | | |
|---|---|---|
| IN THE INTEREST OF: C.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.B., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 121 EDA 2020 |

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s):  CP-51-DP-0001613-2019

*****

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.B., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 127 EDA 2020 |

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s):  CP-51-DP-0001614-2019

*****

| | | |
|---|---|---|
| IN THE INTEREST OF: A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.B., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 129 EDA 2020 |

Appeal from the Order Entered December 16, 2019

J-E01004-21
J-E01005-21

In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s):  CP-51-DP-0001615-2019

\*\*\*\*\*

| | | |
|---|---|---|
| IN THE INTEREST OF: C.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 124 EDA 2020 |

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s):  CP-51-DP-0001613-2019

\*\*\*\*\*

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 125 EDA 2020 |

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s):  CP-51-DP-0001614-2019

\*\*\*\*\*

| | | |
|---|---|---|
| IN THE INTEREST OF: A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |

- 2 -

J-E01004-21
J-E01005-21

<table>
<tr><td></td><td>:</td><td>No. 128 EDA 2020</td></tr>
</table>

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s): CP-51-DP-0001615-2019

\*\*\*\*\*

<table>
<tr><td>IN THE INTEREST OF: Y.C., A MINOR</td><td>:<br>:<br>:<br>:<br>:</td><td>IN THE SUPERIOR COURT OF PENNSYLVANIA</td></tr>
<tr><td>APPEAL OF: S.B., MOTHER</td><td>:<br>:<br>:<br>:<br>:<br>:</td><td></td></tr>
<tr><td></td><td>:</td><td>No. 130 EDA 2020</td></tr>
</table>

Appeal from the Order Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s): CP-51-DP-0001612-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., STABILE, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

DISSENTING OPINION BY McCAFFERY, J.:          Filed: September 23, 2021

Because I conclude that, under the facts of this case, the trial court abused its discretion in determining Mother and Father were perpetrators of child abuse to K.B., I respectfully dissent. Moreover, because the trial court's adjudication of dependency, with respect to all four children, was based on this preliminary finding of child abuse, I would vacate the orders adjudicating the children as dependent.

Preliminarily, I agree the trial court properly applied the evidentiary presumption set forth at Section 6381(d) of the Child Protective Services Law

- 3 -

(CPSL).[1]  The undisputed medical evidence established that K.B. suffered an injury, specifically two fractures in his upper right arm, that "would ordinarily not be sustained . . . except by reason of the acts or omissions of the parents or other person responsible for the welfare of the child[.]"  **See** 23 Pa.C.S. § 6381(d); N.T., 11/8/19, at 14, 24, 27.  However, while the evidentiary presumption provides *prima facie* evidence that a parent **or other caregiver** is responsible for the child's injury, it is rebuttable.  **See In Interest of L.Z.**, 111 A.3d 1164, 1185 (Pa. 2015); **see also In the Interest of S.L.**, 202 A.3d 723, 730 (Pa. Super. 2019) (noting a finding of *prima facie* evidence of abuse against a parent pursuant to Section 6381 does "not end the analysis;" the parent then must be given the opportunity to rebut the finding).  In the present case, the trial court determined that both Mother and Father were "**one of three primary caregivers** for [K.B.] during the period where [K.B.] could have been injured" and were "unable to rebut the presumption that [they were] one of the perpetrators of child abuse."  Trial Ct. Op. at 12 (emphasis added).[2]  In affirming the court's ruling, the Majority opines: "Simply put, we do not find that Parents' countervailing rebuttal evidence was 'substantial' enough to rebut the presumption and, thus, reverse the trial

---

[1] **See** 23 Pa.C.S. §§ 6301-6387.

[2] Although the trial court filed separate opinions with regard to Mother's and Father's appeals, they are, for the most part, identical.

court's determination." Majority Op. at 30 (footnote omitted). It is with this determination I disagree.

First, I conclude Mother and Father presented sufficient evidence demonstrating that Paternal Grandmother had primary responsibility for K.B. at the time he suffered the injury. Mother testified that Paternal Grandmother would normally arrive at 8:00 p.m. on Sunday evenings — as she did on the night in question — to care for K.B. and his twin sister overnight, and she was "primarily responsible for the twins when she was . . . on duty." *See* N.T., 12/16/19, at 22-24, 26, 35-36. Significantly, the twins slept on the second floor of the home **with** Paternal Grandmother, while Mother and Father slept on the fourth floor of the home. *Id.* at 62. In fact, Mother testified that she took Paternal Grandmother to the hospital with her because Paternal Grandmother "was watching the babies overnight and . . . she was the only person that could tell us what happened." *Id.* at 50. Moreover, Father testified that he first learned K.B. was "in distress" early Monday morning, when he heard the child scream, and "immediately went downstairs [to the second floor] to investigate[.]" *Id.* at 72-73, 75. Even the assigned social worker testified that Paternal Grandmother was the "**direct caregiver** . . . between Sunday night and Monday morning, when the injury was identified." *Id.* at 121 (emphasis added).

Despite the above testimony, the Majority concludes that "neither Mother nor Father presented evidence that they **relinquished all control** of their parental duties with regard to K.B. to Paternal Grandmother at the time

- 5 -

Child sustained his non-accidental injuries." Majority Op. at 29 (emphasis added). They also downplay the social worker's testimony, noting "there is no record evidence that Paternal Grandmother was K.B.'s **sole** caregiver at the time he was injured." *Id.* at 29 n.27 (emphasis added). I find the Majority's level of proof too stringent.

Rather, in explaining Section 6381's rebuttable presumption, the *L.Z.* Court opined:

> The parent or responsible party may present evidence demonstrating that they did not inflict the abuse, potentially by testifying that **they gave responsibility for the child to another person about whom they had no reason to fear** or perhaps that the injuries were accidental rather than abusive.

*L.Z.*, 111 A.3d at 1185 (emphasis added). *L.Z.* does not require the parents prove they **relinquished all control** of a child to another caregiver, or that the other caregiver was **solely responsible** for the child's welfare, in order to successfully rebut the Section 6381 presumption. Nevertheless, the *L.Z.* Court clearly places the "evaluation of the validity of the presumption [and] the credibility of the *prima facie* evidence presented by the CYS agency and the rebuttal of the parent or responsible person" within the purview of the trial court. *Id.* *See also S.L.*, 202 A.3d at 730 ("Whether or not [Parents'] rebuttal evidence is credible or persuasive is within the trial court's ultimate purview.").

That being the case, here, the trial court opined that both Mother and Father were "unable to rebut the presumption that [they were] one of the perpetrators of child abuse." Trial Ct. Op. at 12. However, I conclude the

trial court's other factual findings cast doubt on its determination that Mother and Father failed to sufficiently rebut the *prima facie* evidence of child abuse.

In my view, it is significant that the trial court explicitly determined that neither Mother nor Father "intentionally or knowingly caused the unexplained injuries to" K.B. **See** Trial Ct. Op. at 12; N.T., 12/16/19, at 182 ("I don't believe that there's evidence that these parents actually intended . . . to hurt this child."). Rather, the court concluded "the parents **recklessly** committed child abuse." N.T., 12/16/19, at 184 (emphasis added); Trial Ct. Op. at 12. At the adjudication hearing, the court stated: "Now, that means . . . it could be by omission and the presumption was not rebutted, okay?" N.T., 12/16/19, at 184. Similarly, in its opinion, the trial court conflated its finding of recklessness with the Section 6381 presumption, concluding:

> [T]he trial court did find by clear and convincing evidence that [K.B.] suffered injuries of such a nature that were **reckless** and would ordinarily not be sustained or exist [except] by reason of the acts or omission of the parent[s. Parents were] unable to rebut the presumption that [they were] one of the perpetrators of child abuse.

Trial Ct. Op. at 12 (emphasis added).

The Majority describes the trial court's recklessness determination as "superfluous." **See** Majority Op. at 21. In my view, the court's determination that the parents acted **recklessly**, as opposed to intentionally or knowingly, is relevant in considering whether they sufficiently rebutted the Section 6831 presumption.

The term "recklessly" as used in the CPSL[3] takes on the same meaning as in the Crimes Code:

> A person acts recklessly . . . when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3); 23 Pa.C.S. § 6303 (defining "[r]ecklessly" as having "the same meaning as provided in 18 Pa.C.S. § 302 (relating to general requirements of culpability)").

Here, there was no evidence that either Mother or Father "consciously disregard[ed] a substantial and unjustifiable risk" that K.B. would be abused in Paternal Grandmother's care. **See** 18 Pa.C.S. § 302(b)(3). Rather, Mother testified that she had known Paternal Grandmother since 2007, Paternal Grandmother had also watched Mother's older child, Y.C., and Mother never had "any concerns" with respect to Paternal Grandmother's care of the children. N.T., 12/16/19, at 27, 35. Father also testified that he never expressed any concern about Paternal Grandmother as a caregiver. **See id.** at 71. **See also** N.T., 11/8/19, at 27 (mother reported no concerns with child's caregivers to child abuse doctor).

---

[3] The CPSL defines "child abuse" as, *inter alia*, "intentionally, knowingly or recklessly . . . [c]ausing bodily injury to a child through any recent act or failure to act[.]" 23 Pa.C.S. § 6303(b.1)(1).

In my view, we cannot review the trial court's rejection of Mother and Father's rebuttal evidence without considering the court's finding that neither Mother nor Father knowingly or intentionally abused K.B. The trial court determined Mother and Father were perpetrators of child abuse by **recklessly** failing to protect K.B. from harm. However, because there was no evidence presented that Mother or Father "consciously disregard[ed] a substantial and unjustifiable risk" that K.B. would be abused, I conclude the finding of child abuse cannot be sustained. *See* 18 Pa.C.S. § 302(b)(3).

Furthermore, I find the facts presented herein distinguishable from those in *L.Z.* In that case, the child victim presented at the hospital with **multiple** injuries, including: "a deep cut nearly halfway around the base of his penis[,] a dark bruise in the buckle area [of his] right cheek and another on his left cheekbone, as well as severe diaper rash and yeast infection on the front of his body." *L.Z.*, 111 A.3d at 1167. Although there was testimony presented that both the child's mother and aunt were his primary caregivers, the mother acknowledged she was aware of some of the injuries and had offered inconsistent and unreasonable explanations for the injuries while at the hospital. *See id.* at 1167-69. Furthermore, the mother failed to present any evidence or testimony at the dependency hearing to rebut the Section 6381 presumption. *See id.* at 1186.

Conversely, here, K.B. presented at the hospital with an injury from a recent, isolated incident. Moreover, both Mother and Father testified that they **did not** cause the injury to K.B. and they had **no reason** to suspect K.B.

might be at risk when in the care of Paternal Grandmother, who was K.B.'s primary caregiver at the time the injury occurred. ***See*** N.T., 12/16/19, at 27, 35, 57-58, 71-72. Furthermore, based on the trial court's determination that neither Mother nor Father intentionally or knowingly caused K.B.'s injury, I would conclude the court found their testimony credible. Despite these findings, the trial court stated that Mother and Father had a duty to protect K.B. "from harm that others may inflict[.]" ***See id.*** at 185. Although this is certainly true, in my opinion, the court abused its discretion when it held Mother and Father responsible for failing to protect their child from abuse that they had no reason to suspect was occurring. ***See In the Interest of N.B.-A.***, 224 A.3d 661, 675 (Pa. 2020) (holding Section 6381 presumption is inapplicable when (1) sexual abuse of child was not abuse "of a type that would ordinarily not occur except for the acts or omissions of the child's caretaker[,]" and (2) "there was no evidence that [mother] knew or should have known of the abuse or the risk of the abuse and disregarded it").

Thus, I respectfully dissent.